PONDER, Judge.
Plairitiff appealed from the denial of his petition to require defendant to refund his contributions to a retirement system.
The sole issue is the propriety of that holding.
We affirm.
As Deputy Judicial Administrator of the Louisiana Supreme Court, plaintiff, while a member of the Louisiana State Employees’ Retirement System, made contributions to that system.
Act 518 of 1976 set up a Retirement Plan for Judges and Officers of the Court in the *1173 Louisiana State Employees’ Retirement System. The judges and specified court officers in office were allowed to join the system.[1] The Act had a provision allowing plaintiff the option to avail himself of the provision of the Act “as though he were not such a member.”[2] Another provision allows the transfer to the plan from any other state, municipal, parochial or other statewide or local retirement system. This requires the transfer of the contributions, both employee’s and employer’s, to the Louisiana State Employees’ Retirement System.[3] Any person who elects to come under the Plan shall be eligible for credit for prior service as a judge or court officer “without contribution therefor on his part.”[4] Any person becoming a member “shall be immediately vested with all the benefits, emoluments and conditions of the system and also with the additional benefits provided by this Part.”[5]
Plaintiff has elected to be covered by the Plan. In another suit, No. 12,367 on the docket of this Court, he has been declared to be eligible to retire under the requirements of his prior system but to have the survival benefits of the Plan. He now seeks to have returned all his contributions.
We believe that the issue narrows down to the very restricted one of whether the Legislature intended that he be given a refund. We agree with the lower court in its conclusion that the Legislature did not so intend.
Plaintiff asserts he comes under a provision, § 23, that covers him alone, in allowing him to enter the new Plan. Even if more come within the ambit, the number would be very restricted. Had the Legislature intended to require that he, or they, be given refunds, it would have been very easy *1174 to so state. Yet in § 17, the Legislature is very explicit in requiring the transfer of all prior contributions. Section 21 does speak of receiving credit for any service “creditable,” in the Louisiana State Employees’ Retirement System, without contribution. We believe that the Legislature was attempting to cover those who had not been members of any system and had not made any contributions therefor even though they might have been eligible to do so. The requirement of Section 17 for the transfer of funds leads us to believe it intended that if any had already secured “credit” for service and had also paid for that credit the contributions were to be utilized in the new Plan. Plaintiff’s situation is much more like those who were members in other retirement systems than to those who had not been making contributions to any system. Plaintiff has been credited in a retirement system; his service is not just creditable.
Plaintiff’s argument that the Plan is a totally new retirement plan distinct from the Louisiana State Employees’ Retirement System, with the latter simply serving as an administrator, runs counter to the statute which has provisions for judges and judicial officers to become members of the Louisiana State Employees’ Retirement System.
Plaintiff argues that the vesting of “all the benefits, emoluments, and conditions of the system and also with the additional benefits provided by this Part,” allows him to secure credit for all prior service and a refund of all his contributions. This would render inane the provisions of § 17 for the transfer of credit and funds, since those transferring from those systems would also be so vested. We therefore conclude that these benefits, emoluments and conditions do not include a refund of all contributions.
The State was under a constitutional mandate to pay judges retirement benefits without contribution of their part. The State’s obligation to plaintiff for retirement benefits was through the Louisiana State Employees’ System for which he had to make contributions. ■ Act 518 was passed to provide for a funded retirement system and to reduce the cost to the State. It recognized the State’s continuing obligation to those who had been under the constitutional provision, not requiring contribution. The State had no such obligation to plaintiff. It would be anomalous to ascribe to the Legislature the intent to provide a refund to plaintiff when the purpose was to require contributions where none had been required before and to reduce costs. A refund to plaintiff would be counter to the very purpose of the act.
For these reasons we affirm the judgment at appellant’s costs.
AFFIRMED.

. LSA-R.S. § 13:14A:
“A. Each judge and court officer described in R.S. 13:13 who is in office on the effective date of this Part is hereby granted the option to become a member of the Louisiana State Employees’ Retirement System for a period of one hundred twenty days from said date by electing to avail himself within said time of all the benefits, emoluments, and conditions of said system as presently provided by R.S. 45:541 through R.S. 42:699, and of all benefits, emoluments, and conditions otherwise applicable to said system by the statutory laws of Louisiana, including the provisions of this Part.”

. LSA-R.S. § 13:23:
“Any person covered by this Part who on the effective date hereof is a member of the Louisiana State Employees’ Retirement System shall have the option to avail himself of the provisions of this Part as though he were not such a member.”

. LSA-R.S. § 13:17:
“Notwithstanding any other provision of law to the contrary, any person covered by this Part who elects to become a member of the Louisiana State Employees’ Retirement System, shall, for a period of ninety days after the date on which he addresses a letter to the board advising it of such election, have the right to transfer to the Louisiana State Employees’ Retirement System his total accredited years of service from any other state, municipal, parochial, or other statewide or local retirement system which he leaves or has left. Transfer shall be effective upon the certification of total service credit by the retirement system transferring the member to the Louisiana State Employees’ Retirement System. The retirement system transferring the member also shall transfer the employee and employers contributions to the account of the transferee in full to the Louisiana State Employees’ Retirement System.”

. LSA-R.S. § 13:21 A:
“A. Any other provisions of law to the contrary notwithstanding, any person who elects hereunder to become a member of the Louisiana State Employees’ Retirement System shall be eligible to receive credit in the system for service rendered as a judge of any court in this state or as a court officer prior to becoming a member, or for any service creditable in the Louisiana State Employees’ Retirement System. Any such person in office on the effective date of this Part shall receive the creditable service for time served as a judge or court officer without contribution therefor on his part. Other such persons who take office after the effective date of this Part and who elect to become members shall receive the credit in accordance with the provisions of Chapter 10 of Title 42 of the Louisiana Revised Statutes of 1950.”

. LSA-R.S. § 13:24:
“Any person covered by this Part who elects to become a member of the Louisiana State Employees’ Retirement System shall be immediately vested with all the benefits, emoluments, and conditions of the system and also with the additional benefits provided by this Part.”